ROSENTHAL & COMPANY, Petitioner,

v.

COMMODITY FUTURES TRADING COMMISSION, Respondent.

Paul W. KESSENICH, Petitioner,

v.

COMMODITY FUTURES TRADING COMMISSION, Respondent.

Nos. 81-7302, 81-7553.

United States Court of Appeals, Fifth Circuit.*
Unit B

Sept. 15, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96-452—October 14, 1980.

Long, Aldridge, Heiner, Stevens & Sumner, William E. Sumner, Anneke K. Woodward, Atlanta, Ga., for Paul W. Kessenich.

L. Clinton Burr, Chicago, Ill., for Rosenthal & Co.

Gregory C. Glynn, Associate Gen. Counsel, Commodity Futures Trading Com'n, Washington, D.C., for respondent.

Before HILL, FAY and ANDERSON, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the motion of Rosenthal & Company to transfer the referenced causes to the United States Court of Appeals for the District of Columbia is GRANTED.

This appeal centers around a reparations order entered on March 24, 1981 by the Commodity Futures Commission (CFTC). Paul W. Kessinich, complainant, was awarded damages, including interest and costs, against Rosenthal & Co. (Rosenthal) as a result of certain unauthorized transactions in commodity options on Kessinich's account with Rosenthal. The matter is before us under 7 U.S.C. § 18(g) (1976).

Actually pending are five questions: (1) an appeal by Rosenthal from the CFTC reparations order; (2) a cross-appeal by Kessinich from that order; (3) a motion by Kessinich to dismiss Rosenthal's appeal on account of its failure to file timely the required appeal bond; (4) a motion by Kessinich to disqualify Rosenthal's counsel; and (5) a motion by Rosenthal for transfer of this entire case to the United States Court of Appeals for the District of Columbia Circuit. We grant only Rosenthal's motion to transfer to the District of Columbia Circuit, where the other issues raised will be considered.

 Our concern here is with appellate venue in the context of reviewing CFTC orders. The parties have identified two statutory provisions relevant to this inquiry, 7 U.S.C.A. §§ 18(g), 9 (1980 supp.). Section 18(g), which cross-references § 9 for certain purposes, provides:

> An order of Commission entered hereunder shall be reviewable on petition of any party aggrieved thereby, by the United States Court of Appeals for any circuit in which a hearing was held, or if no hearing was held, any circuit in which the appellee is located, under the procedure provided in section 9 of this title.

A hearing was held by the CFTC in Washington, D.C. in this case. The appeal, however, was filed in the Fifth Circuit, as was the cross-appeal. The parties suggest in briefs that they read the quoted language dealing with "section 9 of this title" to open appellate venue to either the forum specified in 7 U.S.C. § 18(g) or that specified in 7 U.S.C. § 9. Section 9 permits the party against whom a CFTC order is issued to "obtain a review ... by filing in the United States Court of Appeals of the circuit in which the petitioner is doing business . . . ." That section then specifies the procedure by which the CFTC record, ostensibly even in the absence of a hearing, is filed in the reviewing appellate court. It is *that* procedure, dealing with the CFTC record, that apparently is cross-referenced in 7 U.S.C.A. § 18(g). The language of § 18(g), though not crystal clear by any means, suggests to us that appellate venue in these cases properly lies in the circuit embracing the situs of the CFTC hearing, the District of Columbia Circuit in our case.

 In view of the confusing statutory directives, we deem dismissal inappropriate. Instead, we invoke the inherent power of a United States Court of Appeals to transfer a cause before it, *Georgia Pacific Corp. v. Fed'l Power Commission*, 512 F.2d 782 (5th Cir. 1978); and transfer this case to the United States Court of Appeals for the District of Columbia Circuit.

Motion to transfer GRANTED.