**FRIENDS OF the HOP MARKETING ORDER, et al.; Plaintiffs-Appellants,**

v.

**John R. BLOCK, Secretary of United States Department of Agriculture, et al., Defendants-Appellees.**

No. 84–3944.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 1985.

Decided Feb. 12, 1985.

As Amended April 29, 1985.

Neil M. Soltman, Seyfarth, Shaw, Fairweather & Geraldson, Los Angeles, .Cal., for plaintiffs-appellants.

Robert V. Zener, Atty., U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before KILKENNY, GOODWIN and SKOPIL, Circuit Judges.

PER CURIAM.

This is an appeal from denial of a preliminary injunction which Friends of the Hop Marketing Order sought in order to put a halt to USDA rulemaking proceedings which Friends asserts have been irrevocably tainted by policy directives from the White House. Because the issues presented are not ripe for judicial review, we affirm.

Early in 1984, USDA began the formal rulemaking procedures, *see* 5 U.S.C. §§ 556, 557, required for amendment of the marketing order under which the domestic hop industry operates. 7 U.S.C. § 608c; 7 C.F.R. § 991. The appropriate administrative hearings were scheduled for June 12, 1984. On June 8th, Friends' request for an injunction was denied and, after reconsideration, denied again on June 15. The hearings began as scheduled, and continued until June 30. Promulgation of a new order by the Secretary of Agriculture is still pending.

Friends has presented evidence to support its allegation that the result of the rulemaking proceeding is a foregone conclusion, one unfavorable to plaintiff hop growers. The evidence also indicates that the USDA is taking a particularly anti-grower approach to deregulation of this small agricultural industry.

This array of documentation does not, however, present "a controversy 'ripe' for judicial resolution." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).

[The] basic rationale [of ripeness] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Id.* at 148–49, 87 S.Ct. at 1515.

These parties are already midstream in an administrative proceeding which includes an opportunity for concerned hop producers to approve or disapprove by ballot any rule the Secretary of Agriculture eventually puts forward. 7 U.S.C. § 608c(8)(A). The prospect of a major change to a marketing order which is the backbone of a threatened agricultural industry undoubtedly causes stress to producers in that industry. But judicial interference at this juncture, which would delay the rulemaking proceedings, will do less to alleviate the uncertainty now plaguing plaintiff hop producers than will allowing the proceedings to come to a conclusion. If the new marketing order is harmful to the industry, as plaintiffs allege it will be, aggrieved producers may be able to fashion a claim for judicial review of the entire proceedings. *See Stark v. Wickard*, 321 U.S. 288, 309 (1944).

We express no opinion on the merits. Denial of a preliminary injunction is affirmed without prejudice to future proceedings. Each party to pay its own costs.