**EASTERN CENTRAL MOTOR CARRIERS ASSOCIATION**

v.

**UNITED STATES of America and Interstate Commerce Commission, et al., Respondents.**

**No. 88–1170, et al.**

United States Court of Appeals, District of Columbia Circuit.

June 2, 1988.*

On Motion to Dismiss.

Victoria J. Dettmar, Atty., Craig M. Keats, Deputy Associate Gen. Counsel, and Robert S. Burk, Gen. Counsel, Washington, D.C., were on the motion, for respondents.

John W. McFadden, Jr. and Elliot Bunce, Arlington, Va., for petitioner.

Before SILBERMAN, D.H. GINSBURG and SENTELLE, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

In these consolidated cases, Petitioner seeks review of a decision by the Chairman of the Interstate Commerce Commission ("ICC" or "Commission") not to recuse herself from an ongoing Commission investigation into the lawfulness of certain collectively set motor carrier rates. Petitioner seeks an order compelling the Chairman to withdraw her vote to investigate, or alternatively, that the Commission be directed to revisit its decision to investigate the reasonableness of the rates without the Chairman's participation. Petitioner also seeks an order enjoining the Chairman from participating in future collective rate cases in which petitioner is a party.

Contending that there is no judicially reviewable final decision before the court, the Commission urges dismissal of the petitions for review. We agree, and accordingly, grant the motion to dismiss.

Petitioner's claim is essentially that the Chairman of the ICC is unable lawfully to discharge her duties in rate cases such as this because of an alleged bias against all collective adjustment of motor carrier rates, without due regard for the reasonableness of the rates themselves. Regardless of the merits of petitioner's claim, however, we decline to intervene in the as yet uncompleted Commission proceeding regarding the reasonableness of the proposed rates.

We have, in the past, reviewed interlocutory claims of agency bias. In *Ass'n of National Advertisers, Inc. v. FTC*, 627 F.2d 1151 (D.C.Cir.1979), *cert. denied*, 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1113 (1980), we reviewed a request to prohibit the Chairman of the Federal Trade Com-

---

* This opinion was previously released to the parties as an unpublished memorandum. It has been published pursuant to D.C.Cir. Rule 14(e).

mission from participating in a pending rulemaking concerning children's advertising. We held that, "[u]nder the particular circumstances of th[at] case," judicial review was appropriate before issuance of a final rule. *Id.* at 1157. In addition, in *Air Line Pilots Ass'n, Int'l v. CAB*, 750 F.2d 81 (D.C.Cir.1984), we recognized our exclusive jurisdiction vis a vis the district court to review interlocutory claims of an agency's unreasonable delay or bias.

Although we have exercised our jurisdiction to review claims prior to final agency action in the past, we have only done so sparingly and hesitantly. *See Aluminum Co. of America v. United States*, 790 F.2d 938, 942 (D.C.Cir.1986) (noting that "[n]on-final agency actions are interlocutorily reviewable in extraordinary circumstances— where ... they are in clear violation of law.") As we have made clear in many varied contexts, including cases presenting claims of agency bias, " 'judicial intervention in uncompleted administrative proceedings, as distinguished from judicial checking by statutorily-established method of review, must remain very much the exception rather than the rule.' " *Gulf Oil Corp. v. United States Dep't of Energy*, 663 F.2d 296, 312 (D.C.Cir.1981) (quoting *Nader v. Volpe*, 466 F.2d 261, 268 (D.C.Cir.1972)).

In this case, petitioner seeks review of a decision by the Chairman of the ICC not to recuse herself from an ongoing investigation into the lawfulness of collectively set motor carrier rates. Petitioner seeks both prospective and retroactive relief. Not only does petitioner seek the Chairman's removal from further participation in this proceeding, but the withdrawal of her initial vote to investigate is sought as well.

To adjudicate the claim of bias, and provide the relief sought, this court would necessarily be required to assess, to some degree, the merits of the Chairman's decision to suspend and investigate the proposed rates. It is clear, however, that Commission decisions to suspend or not to suspend tariffs are committed to agency discretion and outside our power to review. *See, e.g., Southern Ry. Co. v. ICC*, 681

F.2d 29, 33 (D.C.Cir.1982) (citations omitted).

To exercise our jurisdiction in the present circumstances would undermine the proscription against judicial intervention in the Commission's exercise of discretion over suspension and investigation of motor carrier tariffs. If the investigation should eventuate in a decision that the proposed tariff is unlawful, petitioner may challenge any final ICC order on the ground that the decision is defective because of the Chairman's alleged bias. Accordingly, the motion to dismiss is granted and the petitions for review dismissed.