**Curtis McNair ARNOLD and London Financial, Inc., Plaintiffs,**

v.

**COMMODITY FUTURES TRADING COMMISSION, Defendant.**

No. 97–8668–CIV.

United States District Court,
S.D. Florida.

Oct. 21, 1997.

William Sumner Scott, Scott Law Firm, Hollywood, CA (Donald F. Mintmire, of counsel), for Plaintiffs.

Daniel R. Waldman, Charles J. Sgro, Gracemary Rizzo, Thuy T.B. Dinh, Washington, DC, for Defendant.

## MEMORANDUM RULING

GOLD, District Judge.

THIS CAUSE came before the Court on plaintiffs' "Petition for a Preliminary Injunction to Stay Administrative Proceedings," seeking a preliminary injunction to stay the administrative proceedings currently pending before Commodity Futures Trading Commission ("CFTC"). Defendant CFTC moved this Court, in response, to dismiss plaintiffs' petition for lack of subject matter jurisdiction. For the below-stated reasons, this Court concludes that it is without subject matter jurisdiction to provide plaintiffs with the sought-after injunctive relief.[1]

### I. Findings of Fact and Procedural Background

This case challenges a CFTC enforcement proceeding against plaintiffs. Curtis McNair Arnold ("Arnold") and London Financial, Inc. ("LFI"). That proceeding was commenced on August 4, 1997, by the CFTC pursuant to the Commodity Exchange Act ("Act"), 7 U.S.C. § 9 (1994), and alleges that plaintiffs violated the Act's anti-fraud provisions and certain CFTC regulations.[2] The factual predicate for CFTC's complaint was plaintiffs' alleged solicitation of sales of a commodity futures trading system known as Pattern Probability Strategy ("PPS").

In response to the CFTC's complaint, plaintiffs brought suit in this Court on August 22, 1997, seeking a preliminary injunction to enjoin further action in the enforcement proceeding. Plaintiffs allege that the CFTC complaint was filed in violation of their constitutional and statutory rights. More specifically, plaintiffs allege that defendant's action chilled their free speech under the First Amendment, that the Administrative Law Judges ("ALJ") at CFTC are biased, precluding a fair hearing under the Due Process Clause of the Fifth Amendment, and that CFTC's investigation, and now the enforcement proceeding, constitute "systemic abuse" of CFTC's statutory mandate.

CFTC, in response, urges this Court to dismiss plaintiffs' action in this Court. CFTC asserts that this Court is without subject matter jurisdiction, and even were the Court to have jurisdiction, plaintiffs have failed to exhaust their administrative remedies and therefore, the action is not reviewable by this Court at this early juncture.

### II. Discussion and Analysis

#### A. Subject Matter Jurisdiction

As a general rule, district courts have jurisdiction to review any reviewable final agency action, unless otherwise provided by

---

1. The Court notes at the outset that Federal Rule of Civil Procedure 65(a) does not require the Court to hold a hearing prior to dismissing a petition for injunctive relief. *S. Baker v. Buckeye Cellulose Corporation*, 856 F.2d 167, 169 (11th Cir.1988) ("Rule 65(a) does not expressly require a hearing on every motion for injunctive relief; however, where there is a presumption of irreparable harm [Title VII cases], as in this case, the court should conduct an evidentiary hearing before granting or denying the motion").

2. CFTC charges plaintiffs with fraud in connection with commodity futures contracts, in violation of Section 4b(a)(i) of the Act, 7 U.S.C. § 6b(a)(i) (1994), engaging in fraudulent transactions as applied to commodity trading advisors ("CTA"), commodity pool operators ("CPO"), and associated persons ("AP") of either CTAs or CPOs, all in violation of Section 4o of the Act, 7 U.S.C. § 6o (1994), and false advertising by CTAs, CPOs or principals thereof, in violation of CFTC Regulations 4.41(a) and 4.41(b), 17 C.F.R. §§ 4 .41(a) and 4.41(b) (1997).

statute. N*oland v. United States Civil Service Commission*, 544 F.2d 333, 334 (8th Cir.1976) ("jurisdiction of the courts of appeals to review orders rendered by administrative agencies is wholly dependent upon statute"). In the case at bar, the plain language of the Act specifically vests exclusive authority in the court of appeals to review CFTC orders addressing violations of the Act or CFTC rules.[3] The case law interpreting 7 U.S.C. § 9 further supports this conclusion. *Jaunich v. United States Commodity Futures Trading Commission*, 50 F.3d 518, 520 (8th Cir.1995) (court of appeals lacked jurisdiction to review CFTC orders issued under 7 U.S.C. § 12c(c), which is without a special review statute; but court of appeals does have exclusive jurisdiction to review orders issued pursuant to 7 U.S.C. § 9); see also *Rosenthal v. Commodity Futures Trading Commission*, 658 F.2d 278, 279 (5th Cir. 1981); *Rosenthal & Company v. Commodity Futures Trading Commission*, 614 F.2d 1121 (7th Cir.1980).

▪ Other courts reviewing analogous statutory provisions have determined that special review statutes of this type vest exclusive jurisdiction in the applicable court of appeals. *Air Line Pilots Association, International v. Civil Aeronautics Board*, 750 F.2d 81, 84 (D.C.Cir.1984) (special review statute, Section 1006 of Federal Aviation Action, 49 U.S.C. § 1486(f), conferred exclusive jurisdiction in court of appeals to review interlocutory appeal from agency action); *Public Utility Commissioner of Oregon v. Bonneville Power Administration*, 767 F.2d 622 (9th Cir.1985) (special review statute, Section 9(e)(5) of the Pacific Northwest Electric Power Planning and Conservation Act, 16 U.S.C. § 839f(e)(5), conferred exclusive jurisdiction in court of appeals to review interlocutory appeal from agency action). "By specifically designating a particular court to review agency orders, Congress vests exclusive authority in that forum to review final agency action." *Drummond Coal Company v. Watt*, 735 F.2d 469, 475 (11th Cir.1984) (quoting *Gardner v. Alabama*, 385 F.2d 804, 810 (5th Cir.1967)) ("It is well settled that if Congress, as here, specifically designates a forum for judicial review of administrative action, that forum is exclusive").[4] "[E]ven where Congress has not expressly conferred exclusive jurisdiction, a special review statute vesting jurisdiction in a particular court cuts off other courts' original jurisdiction in all cases covered by the special statute." *Investment Company Institute v. Board of Governors of the Federal Reserve System*, 551 F.2d 1270, 1279–80 (D.C.Cir.1977).

▪ The Commission, however, has not issued a final order in this action. *Kabeller, Inc. v. Busey*, 999 F.2d 1417, 1421 (11th Cir.1993) (citing *Nevada Airlines, Inc., v. Bond*, 622 F.2d 1017, 1020 n. 5 (9th Cir.1980) (defining final agency action as "one that imposes an obligation, denies a right, or fixes some legal relationship"). Where a statute explicitly confers jurisdiction to review agency action to the Court of Appeals, "any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to exclu-

---

3. The Act provides in relevant part:

 "After the issuance of the order by the Commission ... the person against whom it is issued may obtain a review of such order or such other equitable relief as to the court may seem just by filing in the United States Court of Appeals of the circuit in which the petitioner is doing business ... a written petition, within fifteen days ... praying that the order of the Commission be set aside.... Upon the filing of the petition, the court shall have jurisdiction to affirm, to set aside, or modify the order of the Commission." 7 U.S.C. § 9.

4. *Drummond Coal Company, supra*, which examined a specific jurisdiction grant in the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201 *et seq.*, is instructive. In *Drummond*, the Eleventh Circuit Court of Appeals reversed the district court's decision to deny injunctive and declaratory relief, which was on the merits, and remanded with instructions to dismiss the complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(3). The Court reasoned that because Congress had deliberately chosen the District Court for the District of Columbia as the appropriate forum for judicial review, the district court should have dismissed the case prior to reaching the merits. *Drummond*, 735 F.2d at 473–75.

sive review of the Court of Appeals." *Kabeller*, 999 F.2d at 1421 (citing *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 78–79 (D.C.Cir.1984) ("TRAC")). Although both TRAC and *Kabeller* concern challenges to final agency action on grounds of unreasonable delay, their respective holdings apply equally to challenges to nonfinal agency action on the ground of bias. *Air Line Pilots Association, International*, 750 F.2d at 84, 87–88; *First Commodity Corporation of Boston v. CFTC*, 644 F.Supp. 597, 599 (D.Mass.1986); see also *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 742–43, 105 S.Ct. 1598, 1606, 84 L.Ed.2d 643 (1985) (voicing strong preference for review of all preliminary or ancillary issues in a proceeding in the forum provided for the final agency order or action).

■ Plaintiffs clearly meet the requirement of *Kabeller* and TRAC that the relief sought will affect the future jurisdiction of the court of appeals. Plaintiffs' petition to enjoin this enforcement proceeding, if granted, would prevent the CFTC from issuing a final order reviewable by the Eleventh Circuit Court of Appeals. *Jamison, M.D. v. Federal Trade Commission*, 628 F.Supp. 1548, 1551 (D.D.C.1986). Additionally, although the injunctive relief sought is prospective, this Court's decision to enjoin the enforcement proceedings would be based upon either the Due Process Clause of Fifth Amendment or § 7 of the APA, 5 U.S.C. § 556(b).[5] *First Commodity Corporation of Boston*, 644 F.Supp. at 599–600. Any judgment issued by this Court would predetermine critical constitutional and statutory issues to be raised by plaintiffs on appeal and therefore, would affect the prospective jurisdiction of the Court of Appeals. *Id.*

*Kabeller, Inc., supra* recognizes two exceptions providing district courts with jurisdiction to review interlocutory agency action, not otherwise reviewable under 28 U.S.C. § 1331. The first exception applies where there is a clear departure from agency authority, and without district court intervention, the agency action would evade review. *Kabeller, Inc.*, 999 F.2d at 1422 (citing *Graham v. Caston*, 568 F.2d 1092 (5th Cir.1978)). This exception is clearly inapplicable to the case at bar, because Congress has provided specifically for judicial review of CFTC orders in the applicable court of appeals. *Kabeller, Inc.*, 999 F.2d at 1422.

The second category of cases which provide this Court with jurisdiction to review interlocutory agency decisions, as stated in *Kabeller, Inc., supra*, bears closer analysis. This exception is embodied in *Haitian Refugee Center v. Smith*, 676 F.2d 1023, 1033 (5th Cir.1982), which was relied upon by *Jean v. Nelson*, 727 F.2d 957 (11th Cir.1984) and enables a district court to review allegations of a "pattern and practice" of systemic abuses by agency officials which "constitute wrongs … independently cognizable in the district court under its federal question jurisdiction." *Smith*, 676 F.2d at 1033. The *Smith* Court emphasized the "factual uniqueness" of its holding, narrowly construing the class of claims reviewable under this exception. *Id.*

■ Plaintiffs first assert that their conduct, which they characterize as the sale of trade information without the entry of trades, is protected speech under the First Amendment of the United States Constitution. Although plaintiffs' claim is certainly of constitutional dimension, it is not of the class reviewable by this court under the limited exception in *Smith*. Plaintiffs seek review of a challenge specific to the merits of their case, which does not remotely qualify as a widespread or systemic abuse by CFTC officials. *Kabeller*, 999 F.2d at 1422; *Jean v. Nelson, supra* (judicial intervention justified prior to final agency action to enjoin unconstitutional practice affecting 4000 refugees who were denied notice of their right to present asylum claim to particular agency),

---

**5.** Section 7 of the APA provides in relevant part: "The functions of presiding employees and of employees participating in decisions in accordance with section 557 of this title shall be conducted in an impartial manner." 5 U.S.C. § 556.

*aff'd on other grounds,* 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985). Plaintiffs may bring this claim before the Eleventh Circuit Court of Appeals on appeal, if plaintiffs are not satisfied with the CFTC's final decision. *Kabeller,* 999 F.2d at 1422.

Plaintiffs next contend that this Court should intervene here to prevent the CFTC from engaging in "systemic abuse" by prosecuting small "targets" without the resources to "put forth the fight to the Supreme Court of the United States, if necessary." The Court construes plaintiff assertion here as two separate arguments: (1) that plaintiffs will be irreparably harmed by having to invest considerable resources to defend this action before the CFTC, and (2) that CFTC's "policy" of bringing actions against "small" adversaries is violative of plaintiffs' constitutional rights.

■ The first argument must fail. It is well settled that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974); *Rosenthal & Company v. CFTC,* 614 F.2d 1121, 1127 (7th Cir.1980) (expense and inconvenience to party defending CFTC administrative action is outweighed by danger of disrupting ongoing administrative proceeding).

■■ The second argument is equally unpersuasive. Plaintiffs have misconstrued the

very limited circumstances in which a federal district court may intervene in an agency action in the absence of final agency action. *Jean v. Nelson, supra; Haitian Refugee Center v. Smith, supra.* Plaintiffs do not allege that the CFTC's conduct, even assuming it is widespread, constitutes a violation of plaintiffs' constitutional rights cognizable in this Court. Administrative agencies have significant discretion, analogous to that of a criminal prosecutor, in choosing their targets in administrative enforcement proceedings.[6] *Butz v. Economou,* 438 U.S. 478, 515, 98 S.Ct. 2894, 2915, 57 L.Ed.2d 895 (1978). Plaintiffs here cannot "end run" the administrative process by casting the CFTC's discretionary decision to bring an action against plaintiffs as a constitutional violation cognizable in this Court. *Kabeller, supra* (approving district court's decision to deny injunctive relief prior to final agency action as claim did not fit into "narrow" exception for review of pattern and practice of constitutional violations).

■ Plaintiffs next contend that budgetary pressures at the CFTC have undermined the impartiality of CFTC Administrative Law Judges by pressuring the ALJs to subject certain classes of individuals not previously regulated by the CFTC to such regulation.[7] Plaintiffs offer by way of substantiation of their bias claim the fact that the ALJ disqualified their attorney from the agency proceedings.[8]

Plaintiffs' claim implicates the Due Process Clause under the Fifth Amendment. Plain-

---

**6.** In *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Supreme Court examined the immunity of federal executive officials performing adjudicatory and prosecutorial functions. The court commented as follows:

"The decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate or move forward with a criminal prosecution. An agency official, like a prosecutor, may have broad discretion in deciding whether a proceeding should be brought and what sanctions should be sought. The Commodity Futures Trading Commission, for example, may initiate proceedings whenever 'it has reason to believe' that any person 'is violating or has violated any of the provisions of this chapter or of the rules, regulations, or orders of the

Commission.' 7 U.S.C. § 9 (1976 ed.)." *Butz,* 438 U.S. at 515, 98 S.Ct. at 2915.

**7.** As evidence of CFTC's expansionist policy, plaintiffs point to the CFTC's commencement of enforcement actions against financial advisory firms that offer trading advice or trading software systems. Aaron Lucchetti, *CFTC Seeks to Bar Sales of Software That Alledgedly Gave Faulty Advice,* WALL STREET JOURNAL, C17 (May 1, 1997).

**8.** Plaintiffs present no evidence regarding the circumstances surrounding this disqualification and, therefore, the Court has no grounds for determining whether the disqualification was warranted.

tiffs do not seek review of the merits, but, rather, challenge the process to be afforded plaintiffs in this enforcement proceeding before the CFTC. *Kabeller, Inc.,* 999 F.2d at 1422 (quoting *Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d 1555, 1560 (11th Cir. 1989)). This in and of itself is not sufficient to bring this case within the narrow exception enunciated in *Kabeller* and *Jean.* The 'something more' necessary to meet this demand is a widespread, systemic pattern of abuse by agency officials. *Smith,* 676 F.2d at 1033; *Jean,* 727 F.2d at 980; *Kabeller,* 999 F.2d at 1422. Even assuming *arguedo* that the plaintiffs' allegations are true, plaintiffs have failed to demonstrate "a wholesale, carefully orchestrated program of constitutional violations . . . .," *Jean,* 727 F.2d at 980, which this Court will recognize under the limited exception in *Kabeller.* Plaintiffs, nevertheless, have recourse in the Eleventh Circuit Court of Appeals to address this issue on appeal, if necessary.

### B. Finality

 Defendant next argues that the presumption in favor of postponing review until the conclusion of agency proceedings should also militate against exercising jurisdiction over this matter. *American Academy of Dermatology v. DHHS,* 118 F.3d 1495 (11th Cir.997) (affirming district court's denial of injunctive and declaratory relief on grounds of exhaustion, among others); *Bonneville Power Administration,* 767 F.2d at 630 (refusing to review interlocutory appeal of agency action on grounds of exhaustion and ripeness). The courts have applied the exhaustion and ripeness doctrines as a limit to their subject matter jurisdiction, and a constraint on their use of equity to intervene where law provides an adequate remedy. *McKart v. United States,* 395 U.S. 185, 193–94, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969); *Aircraft & Diesel Corp. v. Hirsch,* 331 U.S. 752, 762, 67 S.Ct. 1493, 1498, 91 L.Ed. 1796 (1947); *Friends of Hop Marketing Order v. Block,* 753 F.2d 777, 778 (9th Cir.1985). Refusal to intervene in an administrative proceeding is the most efficient means of review, ensuring against piecemeal

judicial review, undue delay, and needless disruption of the agency review process. *FTC v. Standard Oil Co.,* 449 U.S. 232, 242, 101 S.Ct. 488, 494, 66 L.Ed.2d 416 (1980); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).

This Court declines to inquire further into the applicability here of the exhaustion doctrine and principles of ripeness. The Court's first inquiry "of necessity" is whether the special review statute divested this Court of jurisdiction. *Jamison,* 628 F.Supp. at 1552 n. 4 (quoting TRAC, 750 F.2d at 77). As a court of limited jurisdiction, this Court "lack[s] the power to presume the existence of jurisdiction in order to dispose of a case on any other ground." *Id.* (quoting TRAC, 750 F.2d at 75). Once this court concluded, therefore, that it lacked subject matter jurisdiction, the Court was stripped of authority to consider whether the principles of finality provide alternate grounds for dismissing this matter. The Court also notes that such a determination could affect the Circuit Court's jurisdiction, and therefore, review is inappropriate. *Id.*

### C. Transfer

 *Kabeller* provides the Court with an alternative to dismissal. The Court may transfer the action to the Eleventh Circuit Court of Appeals under 28 U.S.C. § 1631, when such a transfer is "in the interest of justice." *Kabeller,* 999 F.2d at 1423 (citing TRAC, 750 F.2d at 79). In *Kabeller,* after upholding the district court's ruling that it lacked jurisdiction, the Court also affirmed the district court's refusal to transfer the action. The district court reasoned that disruption of the agency action did not serve the interests of justice. *Id.* This Court agrees. With ongoing proceedings before the CFTC, this Court is also unwilling to disrupt that CFTC enforcement proceeding any more than has occurred to date. Accordingly, it is

**ORDERED AND ADJUDGED** that defendant CFTC's Motion to Dismiss for lack of jurisdiction is GRANTED.