**ZANTOP INTERNATIONAL AIRLINES, INC., Plaintiff,**

v.

**Donald D. ENGEN, Administrator Federal Aviation Administration, Defendant.**

**Civ. A. No. 85–34.**

United States District Court, District of Columbia.

Jan. 22, 1985.

---

Joseph S. Wager, D. Joe Smith, Shawn C. Boyle, Washington, D.C., for plaintiff.

Deborah A. Robinson, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

This case presents not one but two jurisdictional issues, one involving administrative agencies and the other presenting the question whether this case should remain here or be transferred to the United States Court of Appeals for the District of Columbia Circuit pursuant to 28 U.S.C. § 1631. This Court writes but briefly, for it is not in a position to make soundly based factual findings and it reaches but one legal conclusion: the case must be transferred to the Court of Appeals. No more is stated herein than is necessary for an understanding of what this Court has done and is doing in this case.

The plaintiff, Zantop International Airlines, Inc., is a scheduled all-cargo domestic air carrier. It operates exclusively at night, and it specializes in transporting automotive parts from the manufacturers thereof to various assembly plants. Included among its fleet are four DC-8 subsonic jet aircraft, which are by far its largest planes.

For approximately eight years, the Federal Aviation Administration has moved towards the implementation of noise regulations. Those regulations were scheduled to become effective on January 1, 1985. Plaintiff's DC-8 aircraft would not be in compliance with the noise regulations. Two of them could be made noise-compliant by the installation of costly "hush kits"; no hush kits are made or planned for the two other and older DC-8 aircraft.

On April 1, 1984, plaintiff applied to the FAA for a temporary exemption from the noise regulations so that it could continue to use its four DC-8 aircraft until they could be modified or replaced to comply with the noise regulations. That request was denied on August 9, 1984. Plaintiff sought reconsideration. On January 4, 1985, the FAA issued a "partial grant of exemption" which precluded plaintiff from using its two older DC-8 aircraft at all after January 5, and which limited the hours of operations of the two which will be modified by hush kits to between 7:00 a.m. and 10:00 p.m.

Plaintiff is the holder of a duly-issued Air Carrier Operating Certificate, and the four DC-8 aircraft are included in its so-called operations specifications. Plaintiff took the position that the partial grant of exemption by the FAA had the effect of "amending, modifying, [or] suspending" its operating certificate under section 609 of the Federal Aviation Act, 49 U.S.C. § 1429, and appealed to the National Transportation Safety Board. That statute, and the related section 611 of the Federal Aviation Act which deals with noise regulations, 49 U.S.C. § 1431, provides for a stay of the Administrator's order while such an appeal is pending. The FAA, taking the position that plaintiff's certificate was not amended, modified, or suspended by the partial grant [and partial denial] of the requested exemption, took the position that plaintiff had no right of appeal to the NTSB and, concomitantly, no right to a stay. This is the administrative agency jurisdictional problem; this Court neither expresses nor intimates any opinion as to the merits of that question. The net effect of the situation was that the FAA was prepared to enforce its noise regulations as to plaintiff's DC-8 aircraft as of January 5.

On January 7, plaintiff filed its verified complaint for declaratory and injunctive relief. In support of its application for a temporary restraining order, plaintiff sub-

mitted a memorandum, exhibits, and affidavits. The exigencies of time did not make it feasible for the defendant to make a written response to the application for a TRO prior to the hearing thereon on January 8. At that hearing the Government took the position that exclusive jurisdiction over this case lies in the Court of Appeals, rather than here. The Court, satisfied that the requirements of *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 559 F.2d 841 (D.C.Cir.1977), were met so as to call for a maintaining of the status quo pending resolution of the jurisdictional question, issued a temporary restraining order shortly after the hearing on January 8. That TRO was to be effective pending further order of the Court.

In contending that exclusive jurisdiction lies in the Court of Appeals, the Government relied upon *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70 (D.C.Cir.1984) (hereinafter *TRAC*), and *Air Line Pilots Association, International v. CAB,* 750 F.2d 81 (D.C.Cir.1984). The Court concludes that the Government is correct. In *TRAC,* the Court of Appeals expressed its holding as follows:

> [W]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals. [At 75; footnote omitted.]

The troublesome aspect of that holding (expressed the same way at other places in the slip opinion) is the phrase "that might affect the Circuit Court's future jurisdiction." That could mean anything, or, since any final administrative action is subject to plenary review by the Court of Appeals, it could mean nothing. While this Court hopes that the Court of Appeals will clarify the meaning of that phrase in the future, it is not necessary to engage in any careful analysis thereof in this case. *TRAC* was a mandamus action, and unquestionably the relief which plaintiff seeks herein is in the nature of mandamus. That conclusion is reinforced when one considers the issue of the likelihood of plaintiff's success on the merits here. Whatever is done finally by the FAA and/or the NTSB ultimately will be reviewable only in the Court of Appeals, so there is no final merits controversy which could be resolved by this Court. For this Court, the case effectively would end with the granting or denial of injunctive relief.

Accordingly, for the foregoing reasons it hereby is

ORDERED, that this case is transferred to the United States Court of Appeals for the District of Columbia Circuit pursuant to 28 U.S.C. § 1631.[1] In the interest of justice, without intending any suggestion as to how the Court of Appeals should rule on the question of interim relief, it hereby further is

ORDERED, that the amended temporary restraining order which was issued by the Court on January 8 shall remain in effect during the transfer process to preserve the status quo until such time as the Court of Appeals is able to rule on a motion for stay.

SO ORDERED.

---

1. After the completion of this Memorandum Opinion and Order, the Court became aware that the Government filed a Motion To Transfer on the afternoon of January 18, 1985. That motion is denied as moot.