**TICOR TITLE INSURANCE COMPANY, et al.,**
Plaintiffs,

v.

**FEDERAL TRADE COMMISSION, et al., Defendants.**

**Civ. A. No. 85–3089.**

United States District Court, District of Columbia.

Jan. 3, 1986.

Gibson, Dunn & Crutcher, Washington, D.C., for plaintiffs.

Richard K. Willard, Asst. U.S. Atty. Gen., Justice Dept. Civ. Div., Washington, D.C., for defendants.

MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

On January 7, 1985, the defendant Federal Trade Commission ("FTC") initiated proceedings against plaintiffs, six title insurance companies, pursuant to its enforcement authority in 15 U.S.C. § 45(b). Plaintiffs subsequently brought this action, seeking a declaration that the delegation of law enforcement powers to the FTC is unconstitutional because the Commissioners are given the exclusive power to initiate enforcement proceedings, and are not subject to the President's supervisory control. Plaintiffs also seek permanent injunctive relief against all future prosecutions by the FTC, and against the proceeding presently pending against them.[1]

---

1. The enforcement action initiated against plaintiffs, *In the Matter of Ticor Title Insurance Co., et al.*, FTC Docket No. 9190, is scheduled for a hearing before an Administrative Law Judge in February, 1986. The present action does not involve a review of the merits of the

Defendants have moved to transfer this case, claiming that the Court of Appeals has exclusive jurisdiction under the rule announced in *Telecommunications Research and Action v. Federal Communications Commission,* 750 F.2d 70 (D.C.Cir. 1984) (*"TRAC"*). In the alternative, defendant contends that plaintiffs' claim is not ripe, and must be dismissed. The Court heard oral argument on the motion on December 18, 1985, and concludes that although the case is within the District Court's jurisdiction, it is not ripe for review and must be dismissed.[2]

## I. ·Applicability of TRAC

This Circuit held in *TRAC* that "where a statute commits final agency action to review by the Court of Appeals, the appellate court has exclusive jurisdiction to hear suits seeking relief that might affect its future statutory power of review." 750 F.2d at 72. Review of cease and desist orders issued by the FTC is committed by statute to the Court of Appeals, 15 U.S.C. § 45(c), and defendant accordingly concludes that an action challenging the FTC's power to initiate proceedings that could result in entry of a cease and desist order must be brought in the appellate court. Plaintiffs assert that TRAC is limited to claims seeking review of agency process, and does not encompass constitutional challenges to the agency's enabling statute. The Court agrees.[3]

The language in *TRAC* admittedly is broad, but it must be read within the context of the Court's discussion of the nature of their exclusive jurisdiction. In concluding that District Courts have no jurisdiction over requests to compel FCC action, the Court of Appeals emphasized that Congress, in its statutory allocation of review, intended the "class of claims covered by the statutory grant of review power" to be solely in the appellate courts. *TRAC,* 750 F.2d at 77. A constitutional challenge to the FTC's enabling statute would not appear to be within the 'class of claims' contemplated by § 45(c), which only determines the forum in which FTC cease and desist orders shall be reviewed. Had Congress also allocated review of constitutional claims to the Court of Appeals, the holding of *TRAC* would compel transfer of this case. *See, e.g., Public Utilities Commission of Oregon v. Bonneville Power Administration,* 767 F.2d 622 (9th Cir.1985) (constitutional challenge to ongoing agency proceedings held to be within Circuit Court's exclusive jurisdiction under *TRAC* when judicial review provision of relevant statute allocated review of suits challenging constitutionality of statute or actions thereunder to Court of Appeals).

Further, cases which have been transferred to appellate courts under *TRAC* have only presented claims challenging the manner in which agency process was implemented. *E.g., Oil, Chemical and Atomic Workers Int'l v. Zegeer,* 768 F.2d 1480 (D.C.Cir.1985) (claim of unreasonably delayed agency action); *Zantop International Airlines, Inc. v. Engen,* 601 F.Supp. 667 (D.D.C.1985) (challenge to agency's allegedly improper amendment of operating certificate). *See also Independent Bankers Association of America v. Conover,* 603 F.Supp. 948, 956–57 (D.D.C.1985) (denial of motion for Order of Referral to agency for decision on merits). This limitation is entirely consistent with the intended scope of *TRAC:* in an effort to clarify· the law of

---

action brought by the FTC, and the Court accordingly intimates no view as to the substantive or procedural propriety of the administrative action.

**2.** Plaintiff's Motion for Summary Judgment, filed on October 21, 1985, was held in abeyance by the Court pending resolution of threshold questions of jurisdiction and justiciability. Because the Court has determined that this action is premature, and must be dismissed, this Motion is mooted.

**3.** The Court is required to address this threshold issue of jurisdiction under *TRAC,* even though it ultimately determines that the merits of the claim are not ripe for decision. *See Public Utilities Commission of Oregon,* 767 F.2d at 630 (District Court lacked jurisdiction under *TRAC* to dismiss on ripeness grounds a constitutional challenge to statute).

this Circuit, the Court of Appeals catalogued a series of cases intended to fall within *TRAC*'s holding. 750 F.2d at 75 n. 23. All of the cases involve challenges to agency process. It would strain credulity to deduce from the generalized terms of *TRAC*'s holding that it was meant to preclude District Court review in all circumstances of any case involving an agency which would have "an effect" on appellate jurisdiction. Otherwise, because of the necessary overlap of federal claims and federal agencies, *TRAC* would cut a swath through this Court's jurisdiction akin to Sherman's march through Georgia. *TRAC* accordingly does not apply to remove the present matter from this Court's jurisdiction. Defendant's motion to transfer must be denied.

## II. *Ripeness*

■ The issue next presented is whether plaintiffs' constitutional claim is ripe for review by this Court prior to completion of ongoing administrative proceedings on the underlying *non*-constitutional claims. To determine whether plaintiffs' constitutional claim is ripe for review, the Court must look at two factors: the fitness of the claim for judicial review, and the hardship to the parties from the timing of review. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). The constitutional claim plaintiffs present meets the first prong of the ripeness test. Although the issuance of a complaint is not final, reviewable agency action, *Federal Trade Commission v. Standard Oil*, 449 U.S. 232, 237, 101 S.Ct. 488, 491, 66 L.Ed.2d 416 (1980), it does satisfy the finality requirement of the ripeness doctrine in a case which challenges the agency's authority to act, rather than the merits of the action taken. *Athlone Industries, Inc. v. Consumer Products Safety Commission*, 707 F.2d 1485, 1489 n. 30 (D.C.Cir.1983). Thus, for purposes of this prong of the ripeness test, the FTC's issuance of a complaint against plaintiffs was "final" action. In addition, the issue plaintiffs present is

purely legal and no further action at the agency level will either flesh out or resolve the claim.

■ At oral argument, defendant conceded that plaintiffs' claim was adequately framed for review, satisfying the Article III component of the ripeness doctrine. The second prong of the test, however, implicates prudential concerns, which require the Court to explore the posture of plaintiffs' case and the extra-judicial framework in which this case arose and where the impact of a ruling on the merits will be felt. *E.g., Atlantic Richfield .Co. v. Department of Energy*, 769 F.2d 771, 783 (D.C.Cir.1984) ("ARCO"). Because of the particular sensitivity of this, and any constitutional issue, the Court is also under a duty to ensure that the merits will not be reached prematurely. *E.g., Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 346–348, 56 S.Ct. 466, 482–483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

■ The obstacle to judicial review in this case is the pendency of the FTC action against plaintiffs. The general rule is that judicial review will not be granted when there are pending administrative proceedings, unless the plaintiff will otherwise suffer irreparable injury. *E.g., Abbott Laboratories*, 387 U.S. at 153, 87 S.Ct. at 1517. While this rule is clearly appropriate when the challenge is to the conduct or merits of agency proceedings, the same result is not as clearly dictated when the claim presented for review does not depend for its legal or factual development on the administrative process. This Circuit's most recent pronouncement on the issue, however, forecloses such a distinction. *See Hastings v. Judicial Conference of the United States*, 770 F.2d 1093 (D.C.Cir.1985). In *Hastings*, the Court of Appeals sua sponte raised the issue of ripeness to preclude review of plaintiff's challenge to the constitutionality of a statute when administrative proceedings levied against plaintiff pursuant to the statute had not concluded. *Id.* at 1102.[4]

---

**4.** The Court of Appeals dismissed most of Judge Hastings' constitutional challenge because many

Absent "serious and irremediable injury," the court concluded, ongoing proceedings would not be interrupted by judicial review of their propriety.[5] *Id.*

Plaintiffs allege that the litigation expenses they will be forced to incur in the defense of allegedly unconstitutional administrative proceedings produce sufficient injury to overcome the ripeness restraint. Such expenses alone do not provide a compelling reason to decide a constitutional question which it might not be necessary to reach. *Standard Oil,* 449 U.S. at 244, 101 S.Ct. at 495. Plaintiffs assert, however, that the injury reaches beyond the pocketbook to implicate more fundamental rights to be free from the unconstitutional exercise of power. Although the Court does not see such a right vested in plaintiffs in this context, there is no doubt that plaintiffs raise a serious and substantial issue of considerable public importance. The constitutionality of independent federal agencies has never been fully adjudicated; as the Assistant Attorney General for the United States candidly admitted, the issue has been avoided for years. Plaintiffs correctly state that questions of similar gravity as to an agency's authority to act have led this Circuit to grant immediate review, even though administrative proceedings were pending. *ARCO,* 769 F.2d at 783–84. *ARCO,* however, involved a challenge only to an agency's authority under statute to act, and did not present a constitutional issue. Because plaintiffs' challenge in this case raises a constitutional issue, under *Hastings,* application of the ripeness doctrine must reflect prudential concerns.

The Court is convinced of the gravity of plaintiffs' claim. However, the injury asserted by Judge Hastings in his challenge to the legality of the Judicial Conference's proceedings was also substantial. Exposure of a federal judge to a probing investigation of immediate and devastating personal impact, by a possibly unconstitutionally constituted administrative body appears to be a compelling circumstance for exercising judicial review. Judge Hastings' petition for rehearing on this ground was denied. Although plaintiffs' constitutional challenge stands at the same level of severity as that presented in *Hastings,* the injury they assert is not of comparable magnitude. Plaintiffs, six corporations, have not pointed to any present effect of the investigation, other than litigation expenses. They would not be required to change any of their business operations—even those challenged by the FTC—until the Court of Appeals has placed its impri-

provisions of the statute had not yet been invoked. However, the Court also withheld review of that portion of the statute which had been employed to initiate investigation of Judge Hastings. *Id.* at 1102. The concerns the Court expressed with potentially premature review of this part of Judge Hastings' claim are applicable to the case at bar, and are not restricted to the circumstances of *Hastings,* where the plaintiff sought to air a largely untested statute for constitutional review.

5. Earlier indications from the Court of Appeals lent credence to plaintiffs' position that judicial review of a constitutional claim need not await the termination of companion administrative proceedings. *See Andrade v. Lauer,* 729 F.2d 1475 (D.C.Cir.1984). In *Andrade,* plaintiffs had been discharged pursuant to a reduction-in-force ("RIF"), which was implemented by officials allegedly holding office in violation of the Appointments Clause. No agency proceedings were pending, and the Court of Appeals concluded that none of the purposes of *exhaustion* would be served by withholding decision on the constitutional claim and requiring initial redress at the agency level. While the immediate effect on the litigants of dismissing a constitutional claim for failure to exhaust administrative remedies, and dismissing the claim after finding it would not be ripe until administrative proceedings conclude is the same, the doctrines serve different purposes and necessarily demand different analysis. The exhaustion requirement reflects the need for agency expertise in the Congressionally-mandated process for the development of claims. *E.g., Atlantic Richfield,* 769 F.2d at 771. Ripeness, on the other hand, gives closer scrutiny to the manifold prudential considerations implicated in the exercise of judicial review. *E.g., Eagle-Picher Industries v. Environmental Protection Agency,* 759 F.2d 905, 915 (D.C.Cir.1985). Because these concerns were addressed in *Hastings,* and are presented here, *Hastings* and not *Andrade* controls the outcome of this case.

matur on any cease and desist order that may issue. The lack of immediacy thus makes the posture of plaintiffs' claim less compelling than that in *Hastings*. The injury plaintiffs assert is not "serious and irremediable," and thus cannot overcome the ripeness bar erected in *Hastings*.

Furthermore, were the Court to exercise jurisdiction over this case, the operations of the FTC would be suspended. Plaintiffs' claim of hardship pales by comparison. While this alone does not require the Court to stay its hand, it is a factor in the balance of prudential considerations. No "substantial and irremediable injury" will result if plaintiffs' claim is held in abeyance until the administrative process is completed. Should plaintiffs prevail at the agency level, the constitutional question need never be addressed. If a cease and desist order issues against any one of the present plaintiffs, the constitutionality of the delegation of power to the FTC may be raised on appeal. Principles of comity, adhered to in *Hastings*, and judicial restraint articulated in *Ashwander*, lead the Court to conclude, reluctantly, that it cannot exercise its powers of review over plaintiffs' claim. Defendants' motion to dismiss must be granted.