**OHIO EDISON COMPANY, Plaintiff,**

**v.**

**Lando W. ZECH, et al., Defendants.**

**Civ. A. No. 88–1695.**

United States District Court, District of Columbia.

Dec. 15, 1988.

Deborah B. Charnoff and Margaret S. Spencer of Shaw, Pittman, Potts & Trowbridge, Washington, D.C. with whom Gerald Charnoff and Robert E. Zahler were on brief, for plaintiff.

Wilma S. Lewis, Asst. U.S. Atty., Washington, D.C. with whom Jay B. Stevens, U.S. Atty. and John D. Bates, Asst. U.S. Atty., were on brief, for defendants.

## INTRODUCTION

CHARLES R. RICHEY, District Judge.

Plaintiff, a public utility in northern Ohio, claims that the Nuclear Regulatory Commission ("NRC") cannot impartially consider its application to amend and remove certain restrictive conditions imposed pursuant to the anti-trust laws on its license to own and operate the Perry nuclear power plant because of alleged threats by at least one Senator to overrule by legislation any amendments the NRC makes to plaintiff's license. Plaintiff asserts that these threats make it impossible for the NRC to evaluate its application impartially and, therefore, will result in a denial of due process. As such, plaintiff is asking the Court to issue an order suspending the restrictive conditions of its license or, in the alternative, to order the NRC to suspend the restrictive conditions.

Now before the Court is defendants' motion to dismiss this suit for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or, in the alternative, to transfer this case to the Court of Appeals. Defendants contend that this Court lacks jurisdiction because the Atomic Energy Act vests the Court of Appeals with exclusive jurisdiction to review final orders of the NRC and the relief requested by plaintiff might affect that jurisdiction. *See Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70 (D.C.Cir.1984). Defendants also contend that this suit should be dismissed as it is premature because plaintiff has failed to exhaust its administrative remedies. Upon careful consideration of defendants' motion, the supporting and opposing legal memoranda, oral arguments by the parties, and the underlying law, the Court finds that it has no authority to determine whether plaintiff's suit is premature because the Court of Appeals has exclusive jurisdiction over requests for interlocutory review of NRC proceedings. The Court will, therefore, transfer this case to the Court of Appeals where jurisdiction properly lies.

## BACKGROUND

In 1977, the NRC granted the construction permit for the Perry Nuclear Power Plant. At that time, the NRC held a hearing on the antitrust implications of licensing the Perry plant pursuant to its statutory authority. *See* 42 U.S.C. § 2135. Based on those hearings, the NRC imposed eleven conditions restricting the business activities of Perry's owners, one of which is plaintiff.

Plaintiff contends that "[t]he expectation regarding the competitive advantage of large nuclear power plants that would generate power at lower cost was a necessary precondition to the NRC's imposition of the Perry antitrust conditions." *Complaint* at ¶ 11. This expectation did not, however, come to fruition. As such, plaintiff applied to the NRC for a suspension of the restrictive conditions on its license on September 18, 1987.

On March 29, 1988, while plaintiff's application was still pending before the NRC, but not decided which is still the case today, Ohio junior Senator Howard M. Metzenbaum, the Chairman of the Senate's Subcommittee on Energy and Natural Resources, proposed an amendment to the proposed Uranium Revitalization, Tailings and Enrichment Act. This amendment provided that "[t]he Nuclear Regulatory Commission shall not suspend or modify the application of any antitrust provision contained in the Perry operating license No. NPF–58, as such provision applies to any license of the Perry Nuclear Powerplant, Unit 1." 134 Cong.Rec.S. 3257 (daily ed. March 29, 1988).

Debate on Senator Metzenbaum's proposed amendment never got underway be-

cause it was agreed that the Senate would defer any consideration of the amendment until after the NRC had completed its consideration of plaintiff's application for removal of the restrictions on its license. Despite Senator Metzenbaum's withdrawal of the amendment until the NRC has acted upon plaintiff's application, plaintiff claims that the NRC cannot give plaintiff's application fair consideration because of the threat of being legislatively overruled. Legally, this is speculation and conjecture at this point.

## I.

### THIS COURT DOES NOT HAVE JURISDICTION TO DETERMINE WHETHER THE NRC SHOULD SUSPEND THE RESTRICTIVE CONDITIONS ON PLAINTIFF'S LICENSE BECAUSE THE COURT OF APPEALS IS VESTED WITH EXCLUSIVE JURISDICTION TO MAKE THIS DETERMINATION.

The law of this Circuit is that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." *Telecommunications Research & Action v. F.C.C.* (*"TRAC"*), 750 F.2d 70, 72 (D.C. Cir.1984).

The first prong of the test set forth in *TRAC* requires this court to determine at the outset whether any "statute commits review of [NRC] action to the Court of Appeals." The NRC proceeding in which plaintiff wishes the Court to intervene was commenced under 42 U.S.C. § 2239. The Court of Appeals has exclusive jurisdiction to review final orders of such proceedings. *See* 28 U.S.C. § 2342(4). Accordingly, the first prong of the test required by *TRAC* has been satisfied.

The other prong of the test set forth in *TRAC* requires the Court to determine whether the relief requested by plaintiff might have an effect on the Court of Appeal's future jurisdiction. *TRAC,* 750 F.2d at 75. This prong has also been satisfied because if this Court were to order, as requested by plaintiff, the removal of the restrictions here involved itself or to order the agency to remove them, such action would deprive the Court of Appeals of the opportunity to review a final order issued by the NRC. As such, this Court lacks jurisdiction over this case because exclusive jurisdiction lies in the Court of Appeals.

Plaintiff, however, tries to distinguish its case from other cases to which the analysis of *TRAC* has been applied. In particular, plaintiff argues that its complaint "involves a challenge to the agency's authority to continue the administrative process in light of the congressional pressure to which the agency has been subjected." *Plaintiff's Opposition to Defendant's Motion to Dismiss* (*"Plaintiff's Opposition"*) at 13. As support for its argument that *TRAC* does not divest this Court of jurisdiction, plaintiff cites to *Ticor Title Insurance Co. v. FTC,* 625 F.Supp. 747 (D.D.C.1986), *aff'd,* 814 F.2d 731 (D.C.Cir.1987). In *Ticor,* the district court held that it had jurisdiction to consider a constitutional challenge to the Federal Trade Commission's enabling statute. *See Ticor,* 625 F.Supp. at 749.

The holding of *Ticor* is inapposite and uncontrolling because plaintiff's claim, at bottom, is not a challenge to the NRC's authority as was the case in *Ticor.* Rather, plaintiff's claim is one of alleged agency bias or prejudgment arising from Senator Metzenbaum's previously proposed legislation that might, if passed by Congress, overrule any suspension by the NRC of the antitrust restrictions on plaintiff's license. Allegations of bias do not confer jurisdiction upon this Court; it is now well recognized that *TRAC* applies to cases in which there are allegations of bias within an agency or that the agency is improperly motivated. *See Ticor Title Insurance Co. v. F.T.C.,* 814 F.2d 731, 743 (D.C.Cir.1987) (explaining that agency bias challenges "like challenges to agency action unlawfully withheld, [are] subject to exclusive jurisdiction of the court of appeals."); *see also TRAC,* 750 F.2d at 75 n. 23, 77 n. 30; *Air Line Pilots Ass'n v. Civil Aeronautics Board,* 750 F.2d 81, 88 (D.C.Cir.1984).

Plaintiff also tries to distinguish this case from *TRAC* and its progeny by asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1337 (regulation of commerce). The problem with this contention is that it considers the jurisdictional questions posed by this case out of context. The Atomic Energy Act expressly confers authority upon the NRC to determine whether it should amend antitrust restrictions on a license when a licensee files an application seeking such amendments. Moreover, the Act also vests the Court of Appeals with exclusive jurisdiction to review the NRC's decisions concerning whether to amend a license. *See* 42 U.S.C. § 2239; 28 U.S.C. § 2342(4). These specific jurisdictional provisions of the Atomic Energy Act "supplant" more general jurisdictional statutes such as 28 U.S.C. § 1337. *See Simmons v. Arkansas Power & Light Co.*, 655 F.2d 131, 133–34 (8th Cir.1981). Accordingly, plaintiff's attempts to distinguish this case from others to which *TRAC* has been applied are unavailing and erroneous.

## II.

BECAUSE TRAC VESTS THE COURT OF APPEALS WITH EXCLUSIVE JURISDICTION OVER THIS SUIT, THIS COURT WILL TRANSFER THIS CASE TO THE COURT OF APPEALS FOR A DETERMINATION OF WHETHER THIS SUIT IS PREMATURE.

 The *TRAC* decision makes it clear that this Court has no ' "general federal question jurisdiction" over interlocutory appeals from agency action or inaction when a statute vests review over final agency action in the court of appeals.' *Jamison v. F.T.C.*, 628 F.Supp. 1548, 1552 n. 4 (D.D.C. 1986). Because *TRAC* divests this Court of jurisdiction over interlocutory review of NRC proceedings, this Court, as a Court of limited jurisdiction "lack[s] the power to presume the existence of jurisdiction in order to dispose of [this] case on any other grounds." *Tuck v. Pan American Health Organization*, 668 F.2d 547, 549 (D.C.Cir. 1981) (citing *Bors v. Preston*, 111 U.S. 252,

4 S.Ct. 407, 28 L.Ed. 419 (1884); *Turner v. President, Directors & Co. of the Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799)). It is, therefore, up to the Court of Appeals to determine whether this case is one of those rare and exceptional cases deserving of judicial review prior to the conclusion of agency proceedings. Accordingly, the Court will transfer this case to the Court of Appeals pursuant to 28 U.S.C. § 1631 for that Court's determination of whether plaintiff is entitled to any relief in the premises as the allegations in the papers before the Court, no matter how sugar-coated, fall exclusively within the jurisdiction of the Court of Appeals.

The Court will issue an Order of even date herewith memorializing these findings.