Anthony J. MARCHIANO, Plaintiff,

v.

NATIONAL ASSOCIATION OF SECU-
RITIES DEALERS, INC., and Nation-
al Association of Securities Dealers
Regulation, Inc., Defendants.

No. CIV.A. 00–00331 HHK.

United States District Court,
District of Columbia.

Feb. 16, 2001.

Emmett H. Miller, III, Kilpatrick Stockton, LLP, Washington, DC, for Plaintiff.

Terri L. Reicher, National Association of Securities Dealers, Inc., Washington, DC, for Defendants.

## MEMORANDUM OPINION

KENNEDY, District Judge.

Plaintiff Anthony J. Marchiano ("Marchiano") seeks a preliminary and permanent injunction barring defendants National Association of Securities Dealers, Inc. ("NASD") and NASD Regulation, Inc. ("NASD Regulation") (collectively, "NASD Defendants") from prosecuting a NASD Regulation disciplinary proceeding against him. Marchiano claims that the disciplinary proceeding violates his federal and state constitutional rights and is based solely on his invocation of his Fifth Amendment privileges in a 240–count, New York criminal indictment, charging Marchiano with violating New York securities laws. Marchiano further claims that NASD Defendants are acting in concert with the government and plan to share information obtained during the NASD disciplinary proceeding with criminal prosecutors. Before the court is NASD Defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6). Upon consideration of the motion, the opposition thereto, and the record of the case, the court concludes that NASD Defendants' Rule 12(b)(1) motion should be granted because this court lacks subject matter jurisdiction to hear this suit.

## I. BACKGROUND

NASD is a self-regulatory organization registered with the Securities and Exchange Commission ("SEC") as a national securities association. Pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78o–3 (1976), NASD may adopt rules and regulations designed "to prevent fraudulent and manipulative acts and practices, to promote just and equitable principles of trade, ... [and] to protect investors and the public interest." 15 U.S.C. § 78o–3(b)(6) (1976). NASD Regulation is NASD's fully-owned subsidiary and serves as the regulatory entity that disciplines brokers and dealers who fail to conform to NASD rules and standards of conduct. *See* NASD Sanction Guidelines (1998); 15 U.S.C. § 78o–3(h) (1976) (describing NASD disciplinary procedures).

Marchiano was the president and cofounder of A.S. Goldmen & Co., a now-defunct brokerage firm registered with NASD and SEC. On December 29, 1999, NASD Regulation issued a disciplinary complaint ("NASD Complaint") against Marchiano, alleging that he violated NASD Procedural Rule 8210, which requires firms and registered persons to respond to NASD Regulation requests for information.[1] The NASD Complaint alleges that Marchiano failed to respond to their requests to provide testimony on February 18, 1999. However, Marchiano contends that NASD Defendants are acting in concert with New York prosecutors and have brought the NASD Complaint solely to gather evidence in support of pending criminal proceedings.[2]

---

1. Marchiano also contends that the NASD Complaint alleged a violation of NASD Conduct Rule 2110, which requires members to observe high standards of commercial honor and equitable principles of trade.

On February 23, 2000, Marchiano filed this suit seeking a temporary restraining order ("TRO") against NASD Defendants to enjoin them for continuing the NASD disciplinary proceeding. In his complaint, Marchiano alleged that NASD Defendants have violated his federal and state constitutional rights, the Civil Rights Act of 1871, as amended by 42 U.S.C. § 1983, and Section 190.40 of the Criminal Procedure Law of New York State. He also claims that NASD Rules 8210 and 2110 are unconstitutionally vague and violate the Administrative Procedure Act. The court held a hearing on February 24, 2000, and denied the motion for a temporary restraining order on the grounds that Marchiano made a weak showing of irreparable injury and failed to demonstrate a substantial likelihood of success on the merits. *See* Memorandum Opinion and Order, No. 00–00331, Feb. 28, 2000 ("TRO Order"). During that proceeding, the central issue raised by the parties was whether NASD Defendants were state actors such that Marchiano could succeed on his constitutional claims. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936–37, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (noting that most constitutional violations require state action).

On March 14, 2000, NASD Defendants filed a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6). NASD Defendants argued that the complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Marchiano has failed to exhaust his administrative remedies in the NASD disciplinary process. NASD Defendants also argued that the complaint must be dismissed under Rule 12(b)(6) for failure to state a claim because the NASD Defendants are private entities, thereby barring Marchiano's constitutional claims. As to the Rule 12(b)(1) motion to dismiss, Marchiano responded that he did not need to exhaust his administrative remedies because he properly alleged constitutional violations. With respect to the Rule 12(b)(6) motion to dismiss, Marchiano argued, as he did at the TRO hearing, that NASD Defendants are state actors 1) because they act as a "quasi-governmental agency" when performing their regulatory role and 2) because in this case they have acted in concert with government prosecutors in initiating the NASD disciplinary proceeding.

## II. DISCUSSION

### A. *TRAC* Jurisdiction

The court must first determine whether it has jurisdiction to hear Marchiano's claims. *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (internal citations omitted). The court finds that it does not.

In *Telecommunications Research and Action Center v. F.C.C.*, 750 F.2d 70 (D.C.Cir.1984) ("TRAC"), the Court of Appeals for this Circuit held that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals." *Id.* at 75. This holding was "considered separately and approved by the whole court, and thus constitutes the law of the circuit."

---

2. On July 7, 1999, the District Attorney of New York County charged Marchiano, A.S. Goldmen, and 16 other defendants in a 240 count indictment with manipulating stock prices and defrauding consumers in violation of New York securities laws. Criminal proceedings against Marchiano and the other defendants are currently pending.

*Id.* at 75 n. 24. *See also Air Line Pilots Ass'n, Int'l v. Civil Aeronautics Board,* 750 F.2d 81, 88 (D.C.Cir.1984) (holding that under *TRAC* the district court lacked jurisdiction to review claims that the agency was biased against the plaintiff).

■ Pursuant to *TRAC,* this court must first determine whether the enabling statute at issue commits review to the Court of Appeals. The NASD disciplinary proceeding that Marchiano seeks to enjoin was commenced under 15 U.S.C. § 78a *et seq.* That statute provides multiple levels of review for NASD disciplinary orders. *See* 15 U.S.C. § 78s(d)(2) (1976). First, disciplinary proceedings are reviewed by NASD's District Business Conduct Committee (now called the National Adjudicatory Council), next by a subcommittee of the NASD Board of Governors, then by the full NASD Board of Governors, and ultimately by the Securities and Exchange Commission. *See First Jersey Securities, Inc. v. Bergen,* 605 F.2d 690, 694–95 (3d Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980) (discussing NASD review procedures). Finally, a "person aggrieved by a final order of the Commission ... may obtain review of the order in the United States Court of Appeals." 15 U.S.C. § 78y(a)(1). This Circuit has held that a "statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." *TRAC v. F.C.C.,* 750 F.2d 70, 77 (D.C.Cir.1984). Therefore, the Court of Appeals has exclusive jurisdiction to review final NASD disciplinary orders after they are reviewed by the SEC, and the first prong of the *TRAC* test is satisfied.

The second prong of *TRAC* requires this court to determine whether the action seeks "relief that might affect the Circuit Court's future jurisdiction." *Id.* at 75. Here it is clear that Marchiano's request

for a preliminary and permanent injunction, if granted, would prevent NASD from issuing a final order. Without a final NASD order, there would be no review by the Court of Appeals. *See Jamison v. Federal Trade Commission,* 628 F.Supp. 1548, 1551 (D.D.C.1986) (holding that the district court lacked jurisdiction under *TRAC* because the preliminary injunction sought against the agency would eliminate the possibility of the Circuit Court's review); *Ohio Edison Co. v. Zech,* 701 F.Supp. 4, 7 (D.D.C.1988) (holding that under *TRAC* the district court lacked jurisdiction to order the Nuclear Regulatory Commission to suspend license restrictions).

■ However, the Court of Appeals has indicated that there is an exception to *TRAC* for constitutional claims. In *Ticor Title Ins. Co. v. F.T.C.,* 814 F.2d 731 (D.C.Cir.1987), now-Chief Judge Edwards questioned, but did not decide, "whether a constitutional challenge could ever be so separate from the underlying agency proceedings that the district court would have jurisdiction under section 1331." *Id.* at 743. Also writing an opinion in *Ticor* was Judge Joyce H. Green, sitting by designation, who declared that "*TRAC* is inapplicable to cases involving challenges to the constitutionality of an agency's enabling statute." *Id.* at 757–58. Judge Green reasoned that because such cases involve questions of constitutional law and require no special administrative expertise, they do not fall within the types of cases covered by the "typical statutory grant of appellate review power." *Id.* at 758.

More recently, in *Time Warner Entertainment Co., L.P. v. F.C.C.,* 93 F.3d 957, 965 (D.C.Cir.1996), the Court of Appeals clarified the constitutional claim exception, noting that the "necessary distinction" was "between a constitutional challenge that is exclusively directed to the source of putative agency authority and a challenge to

the manner in which the agency has exercised or ... failed to exercise that authority." *Id.* at 965. In the former instance-where a plaintiff raises a constitutional challenge to the **enabling statute** by which the agency acts-courts have found *TRAC* inapplicable and held that the district court · had jurisdiction to hear the constitutional claim. *See Ticor Title Insurance Co. v. F.T.C.,* 625 F.Supp. 747 (D.D.C.), *aff'd on other grounds,* 814 F.2d 731 (D.C.Cir.1987). In the latter instance-where a plaintiff raises a constitutional challenge to the **manner** in which the agency acted-courts have relied on *TRAC* to hold that district courts lack jurisdiction to entertain the suit. *See Ukiah Adventist Hosp. v. F.T.C.,* 981 F.2d 543, 549 (D.C.Cir.1992), *cert. denied,* 510 U.S. 825, 114 S.Ct. 88, 126 L.Ed.2d 55 (1993). Moreover, in its discussion, the Court of Appeals in *TRAC* specifically rejected an earlier case that held that the district court had general federal question jurisdiction over "nonfrivolous constitutional claims of agency bias and prejudgment." *TRAC,* 750 F.2d at 75 n. 23, 77 n. 30 ("Past suggestions that the District Court has general federal jurisdiction under 28 U.S.C. § 1331 over some of these claims were in error.").

Here Marchiano's claims do not fall within the *TRAC* exception. He does not allege that 15 U.S.C. § 78a *et seq.,* which authorizes the NASD disciplinary process, is unconstitutional;[3] rather, he contends that "the manner in which the agency has exercised" its authority is unconstitutional. *Time Warner Entertainment Co., L.P. v. F.C.C.,* 93 F.3d 957, 965 (D.C.Cir.1996). In particular, Marchiano asserts that NASD officials were biased against him and intended to disclose information obtained

through the proceeding to criminal prosecutors. Because Marchiano is not attacking the enabling statute itself, *TRAC*'s constitutional exception does not apply, and this court lacks federal question jurisdiction to hear Marchiano's claims.

**B. Exhaustion Doctrine**

■ Alternatively, even if this court did have *TRAC* jurisdiction, the court would still dismiss the complaint on the grounds that Marchiano failed to exhaust his administrative remedies. *See First Jersey Securities, Inc. v. Bergen,* 605 F.2d 690, 696 (3d Cir.1979) (holding that the exhaustion requirements apply to NASD disciplinary proceedings); *Merrill Lynch v. NASD,* 616 F.2d 1363, 1368 (5th Cir.1980) (same). It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938). The exhaustion requirement avoids "premature interruption of the administrative process" and allows the agency to speak on the issue first. *McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). Here, as far as the court is aware, the NASD proceeding has not concluded, and no sanctions have been imposed on Marchiano.

■ In this Circuit, the exhaustion and finality requirement may be waived where the agency action "has *very clearly* violated an important constitutional or statutory right." *Peter Kiewit Sons' Co. v. United States Army Corps of Eng'rs,* 714 F.2d 163, 168–69 (D.C.Cir.1983) (emphasis added) (internal citations omitted). "[A] mere allegation of a constitutional depriva-

---

**3.** Furthermore, the NASD rules, which Marchiano challenges as unconstitutionally vague, do not rise to the level of an enabling statute.

They are simply internal rules of conduct and procedure established by NASD Defendants.

tion is insufficient to entitle the plaintiff to relief." *First Jersey,* 605 F.2d at 697.[4] Based on the claims raised in this complaint, it is not "very clear" that NASD Defendants violated any constitutional rights. As an initial matter, it is not even "very clear" that Marchiano has any constitutional claims at all. The court is aware of no case—and Marchiano has presented none—in which NASD Defendants were found to be state actors either because of their regulatory responsibilities or because of any alleged collusion with criminal prosecutors. In fact, every court that has addressed those issues has rejected Marchiano's arguments. *See, e.g., Graman v. National Ass'n of Securities Dealers, Inc.,* 1998 WL 294022, *2–3 (D.D.C. 1998) (rejecting the argument that NASD is a "quasi-governmental authority" because of its regulatory duties); *United States v. Shvarts,* 90 F.Supp.2d 219, 222 (E.D.N.Y.2000) (rejecting the claim that a NASD disciplinary proceeding, which may lead to a criminal prosecution, suffices to create an agency relationship between NASD and the government). *See also Datek Securities Corp. v. NASD, Inc.,* 875 F.Supp. 230, 233–34 (S.D.N.Y.1995) (finding that claims of agency bias, selective prosecution, and Due Process Clause violations were insufficient to overcome the exhaustion requirements for NASD disciplinary proceedings).

Moreover, the court does not believe that the administrative appeal would be futile, that any administrative remedies would be inadequate, or that Marchiano would be irreparably harmed unless immediate judicial review is permitted. *See, e.g., Randolph–Sheppard Vendors of America v. Weinberger,* 795 F.2d 90, 105–08 (D.C.Cir.1986) (discussing the futility, inadequacy, and irreparable harm exceptions to exhaustion requirements). In short, the court does not believe that this case is one of those rare and exceptional cases deserving of judicial review prior to the conclusion of administrative remedies. If and when the disciplinary proceeding has concluded, Marchiano may raise his claims of bias and selective prosecution—and his alleged constitutional claims—before the appropriate bodies described in 15 U.S.C. § 78a *et seq.* and have final review of any NASD sanctions in the United States Court of Appeals. Alternatively, the SEC or the Court of Appeals may stay any disciplinary sanctions pending review of Marchiano's complaint. *See* 15 U.S.C. §§ 78s(d), 78y(c).

### III. CONCLUSION

In sum, *TRAC* divests this court of jurisdiction to hear Marchiano's claims. The enabling statute that authorizes the NASD disciplinary proceeding vests exclusive review of final NASD orders with the Court of Appeals. The injunctive relief Marchiano seeks would affect the Circuit Court's future jurisdiction and, therefore, this court lacks jurisdiction to entertain the complaint. Moreover, *TRAC*'s constitutional exception does not apply here because Marchiano is not challenging the constitutionality of the enabling statute itself. And even if the court had *TRAC* jurisdiction, it would still dismiss this action because Marchiano failed to exhaust his administrative remedies, and no exception to the exhaustion rule is applicable in this case.

For the foregoing reasons, the court will dismiss this complaint for lack of jurisdic-

---

4. *See also Wallace v. Lynn,* 507 F.2d 1186, 1190 (D.C.Cir.1974) ("[T]he very fact that constitutional issues are put forward constitutes a strong reason for not allowing [this] suit either to anticipate or take the place of (agency action).") (citing *Aircraft & Diesel Equipment Corp. v. Hirsch,* 331 U.S. 752, 772, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947)).

tion. An appropriate order accompanies this memorandum.

## ORDER AND JUDGMENT

Pursuant to Fed.R.Civ.P. 58 and for the reasons stated by the court in its memorandum docketed this same day, it is this 16th day of February, 2001, hereby

**ORDERED and ADJUDGED** that defendants' motion to dismiss is **GRANTED**; and it is further

**ORDERED and ADJUDGED** that the complaint in this case is **DISMISSED.**